19 F.3d 1442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maria Dolores TRISTE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bartolo NAVARRO-ORTIZ, Defendant-Appellant.
 Nos. 93-10336, 93-10367.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 16, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Codefendants Maria Dolores Triste and Bartolo Navarro-Ortiz appeal their convictions for, respectively, conspiracy to possess and possession with intent to distribute marijuana in violation of 21 U.S.C. Secs. 841(a)(1), 846 and possession with with intent to distribute marijuana, in violation of 21 U.S.C. Sec. 841(a)(1). Triste was convicted following jury trial and Navarro-Ortiz entered a conditional guilty plea. Both contend the district court erred by denying their motion to suppress evidence because Border Patrol Agents lacked founded suspicion to stop the vehicle Triste was driving. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review for clear error the district court's factual findings and de novo whether those facts provide founded suspicion to justify an investigatory stop of a vehicle. United States v. Santamaria-Hernandez, 968 F.2d 980, 983 n. 3 (9th Cir.1992).
 
 
 4
 The Fourth Amendment prohibits an officer from stopping a vehicle without founded suspicion of criminal conduct at the time of the stop. United States v. Salinas, 940 F.2d 392, 394 (9th Cir.1991). "The determination whether founded suspicion existed must be based on 'the totality of the circumstances--the whole picture.' " Santamaria-Hernandez, 968 F.2d at 983 (footnote omitted) (quoting United States v. Cortez, 449 U.S. 411, 417 (1981)). The detaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity. Id. "The facts are to be interpreted in light of a trained officer's experience." United States v. Hernandez-Alvarado, 891 F.2d 1414, 1416 (9th Cir.1989).
 
 
 5
 Here, Border Patrol Agent Vincent Robert Romo and his partner, Agent Ruben Rivera, were patrolling Arizona State Highway 286 in a marked Border Patrol vehicle. The two-lane highway runs from the Mexican border for forty-six miles to Arizona State Highway 86. Agent Romo and Rivera were travelling south on Highway 286 when they passed a yellow 1976 Oldsmobile travelling north. Agent Romo observed that the driver, Triste, looked surprised and the passenger, Navarro-Ortiz, "lunged towards the driver's side trying to conceal himself."
 
 
 6
 Agent Romo turned his vehicle around in order to follow the Oldsmobile and get a closer look. The Oldsmobile appeared to increase its speed, and Agent Romo had to accelerate to 75 miles per hour in order to keep up with the Oldsmobile. The speed limit was 55 miles per hour. Once the Oldsmobile slowed down to 65 miles per hour, the Agents ran a registration check for the vehicle. Agent Romo observed that Triste kept looking in the rear-view mirror and Navarro-Ortiz continued trying to hide. The Agents followed Triste and Navarro-Ortiz for a total of approximately seven miles before activating their lights and stopping the Oldsmobile. When Agent Romo approached the vehicle, Agent Romo could smell the marijuana which he also saw in the back seat. Agent Romo has seven years' experience as a Border Patrol Agent.
 
 
 7
 In denying the motion to suppress, the district court relied on the fact that Triste accelerated when the Agents turned their vehicle around and Navarro-Ortiz attempted to hide both when passing by the Agents and when being followed.
 
 
 8
 We hold that Triste's acceleration of the Oldsmobile to a speed above the speed limit and Navarro-Ortiz's attempts to hide from the Agents' view, constitute a particularized and objective basis for suspecting that criminal activity was afoot. See United States v. Rocha-Lopez, 527 F.2d 476, 478 (erratic driving or obvious attempts to evade officers support a reasonable suspicion to stop) (9th Cir.1975), cert. denied, 425 U.S. 977 (1976). Although Navarro-Ortiz testified that Triste was driving at 55 miles per hour and he did not duck or hide, the district court did not clearly err by relying instead on Agent Romo's testimony. See United States v. Holzman, 871 F.2d 1496, 1503 (9th Cir.1989) (" 'Where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous.' " (quoting Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 574 (1985))). Given Agent Romo's experience and the suspicious conduct by Triste and Navarro-Ortiz, the totality of circumstances indicate that founded suspicion existed to warrant the stop. See Santamaria-Hernandez, 968 F.2d at 983; Hernandez-Alvarado, 891 F.2d at 1416.
 
 
 9
 Accordingly, the district court did not err when it denied the motion to suppress.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3